IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROY JACOBS,

                Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                Defendant.

OPINION AND ORDER

16-cv-408-wmc

Pursuant to 42 U.S.C. § 405(g), plaintiff Roy Jacobs seeks judicial review of a final decision of defendant Nancy A. Berryhill, the Acting Commissioner of Social Security, which denied his application for Supplemental Security Income. On March 6, 2018, the court held oral argument regarding claimant's contention that the ALJ erred in his (1) assessment of the limiting effects of Jacobs' fibromyalgia; and (2) classification of Jacobs' past relevant work at a gas station as a composite job. For the reasons provided below, the court will reverse the Commissioner's determination and remand this case for proceedings consistent with this opinion.

BACKGROUND

A. Overview of Claimant

Jacobs, who was 59 at the time of his hearing, suffers from fibromyalgia and degenerative joint disease. (AR 21.)[1] He filed an application for Supplemental Security

---

[1] The administrative record is available at dkt. #7.

Income on the basis of these conditions and affective disorder. (*Id*.) He last worked in a gas station primarily as a cashier but also had some additional stocking responsibilities.

### B. Medical Record

Jacobs was first diagnosed with fibromyalgia by Dr. JoAnn Kriege in 2010. Still, on October 30, 2012, Jacobs' treating physician, Dr. Adam Balin, found he possessed normal mental activity, was alert and possessed normal speech. (AR 23.) While Jacobs's gait was slow, it was stable with independent transfers. (*Id*.) Coordination, circulation and mental state were all normal. (*Id*.) Dr. Balin also found no acute inflammation in the joints and normal neck range motion. (*Id*.) These findings remained consistent throughout 2012, with the exception of a case of suspected pan-sinusitis where antibiotics were prescribed. (*Id*.)

Between an emergency room visit in November 2013 and December 2014, no further medical treatment occurred. (AR 23.) Nevertheless, Dr. Balin issued a residual functional capacity ("RFC") opinion in February 2014, which found that Jacobs was unable to continuously sit for more than 30 minutes or stand for more than 20 minutes. (AR 318.) In an eight-hour working day, Dr. Balin also found that Jacobs could only stand and walk for less than two hours and would need to be able to shift positions between sitting, standing and walking at will. (*Id*.) Dr. Balin further found that Jacobs would require unscheduled breaks every one to two hours for 10 to 30 minutes during an eight-hour working day. (*Id*. at 318-19.) Finally, he found that Jacobs could only occasionally lift and carry amounts of 20 pounds or less and would likely need to miss work about twice a month. (*Id*. at 319-20.)

### C. ALJ's Decision

On December 26, 2012, Jacobs filed for Supplemental Security Income claiming disability beginning on November 18, 2012. A hearing was held before an ALJ and the vocational expert ("VE") in 2012, and the claim was denied both initially and upon reconsideration. A request for a hearing was filed on December 21, 2013 and a hearing took place on December 4, 2014, before the same ALJ with the VE again testifying. While the ALJ found that fibromyalgia and degenerative joint disease were severe impairments, while finding that affective disorder was not, he concluded that Jacobs was capable of light work in his relevant past work as a cashier though with certain limitations. (AR 21-22.)

## OPINION

Jacobs raises two challenges on appeal: (1) that the ALJ failed to properly assess the limiting effects of his fibromyalgia; and (2) that the ALJ failed to classify his past relevant work at the gas station as a composite job. The court will address each in turn.

### I. Fibromyalgia

When this court reviews a final decision under 42 U.S.C. § 405(g), the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ." Substantial evidence requires more than a "mere scintilla" of evidence and instead is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

Despite acknowledging that Dr. Balin's 2014 RFC opinion justified a finding of "significantly less than sedentary capacity," the ALJ chose to discount the opinion because it "appear[ed] to have minimal medical basis other than the claimant's report of pain and limitations." (AR 23.) While the ALJ acknowledged Jacobs's testimony that he had good days and bad days, he stated that Jacobs's description of the limiting effects of his pain were "not entirely credible" because no recent tests were cited. (*Id*.) The ALJ noted that Jacobs's x-rays, blood tests of sedimentation and range of motion were normal in a the 2010 examination with Dr. Kriege at which his fibromyalgia was diagnosed. (*Id*.) The ALJ also noted it was relevant to his determination that degenerative changes to Jacobs's hands, a lumbar irregularity and a cervical congenital fusion at C6-7 did not explain his report of pain and limitations.

Normally, "[t]his court will affirm a credibility determination as long as the ALJ gives specific reasons that are supported by the record for his finding." *Skarbek v. Barnhart*, 390 F.3d 500, 505 (7th Cir. 2004) (internal quotation marks omitted). The Seventh Circuit has, however, rejected an ALJ's use of certain objective tests to discount the credibility of a fibromyalgia patient's reports of limiting pain. *See, e.g., Gerstner v. Berryhill*, 879 F.3d 257 (7th Cir. 2018). In *Gerstner*, an ALJ concluded that a fibromyalgia patient's "pain complaints were inconsistent with her abilities to sit, move, and walk for an unstated period in one exam, her normal sensation in extremities during another exam, and her lack of spasms and tenderness in a third exam." *Id*. at 264. In reversing the ALJ's decision, the Seventh Circuit noted that such tests were consistent with the claimant's testimony that *prolonged* sitting, standing, activity and stress caused limiting pain. *Id*. More importantly,

4

the decision noted that "[t]he extent of fibromyalgia pain cannot be measured with objective tests aside from a trigger-point assessment." *Id*; *see also Vanprooyen v. Berryhill*, 864 F.3d 567, 572 (7th Cir. 2017) (holding that ALJ's rejection of a treating physician's report because it was based primarily on subjective reports of pain constituted error because the "medical-source statement concerned only [claimant's] fibromyalgia, which cannot be measured with objective tests aside from a trigger-point assessment.").

In light of these authorities, the ALJ's reasoning constitutes reversible error. Indeed, the reasoning employed is precisely that which the Seventh Circuit has rejected. For example, it is irrelevant to look at test results showing a normal and steady gait to discount an RFC opinion by a treating physician because it was based on reports of fibromyalgia pain. As the ALJ acknowledged, Dr. Balin's report justified a finding of perhaps less than sedentary capacity rather than the ALJ's conclusion that Jacobs was capable of performing light work. Given Dr. Balin's finding that Jacobs is incapable of standing for two hours, a cashier position may not be appropriate work for him. The administrative record should be reexamined and supplemented as needed to comply with the above precedents.

## II. Past Relevant Work

Jacobs also argues the ALJ erred in characterizing his past relevant work as a "cashier" position requiring only light work, rather than as a composite job consisting of cashier and stocking responsibilities (requiring medium work as actually performed). Before the hearing, Jacobs stated the most weight he lifted in his gas station job was 20 pounds. (AR 243.) At the hearing, he then testified that while running the store during the graveyard shift, he sometimes did stocking work, and this occasionally required him to

5

lift 40 pounds or more. (*Id*. at 61.) The VE testified these responsibilities might qualify as medium work, but then concluded that Jacobs's past relevant work was either light or medium as actually performed and that he would be capable of performing the functions of a cashier position (which typically consists only of light work). (*Id*. at 70.)

The difficulty with Jacobs's argument is that "an applicant who cannot perform the *excessive* functional demands and/or job duties actually required in [a] former job but can perform the functional demands and job duties as generally required by employers throughout the economy should not be found to be disabled." *Smith v. Barnhart*, 388 F.3d 251, 253 (7th Cir. 2004) (internal quotation marks omitted). So, even if Jacobs was unable to return to the specific job he had, the question is "whether he can return to a 'job' he held that exists at other employers." *Id*.; *see also Hughes v. Astrue*, 706 F.3d 276, 279 (7th Cir. 2013) (stating that the term "past relevant work . . . refers to the type of job, not to idiosyncratic duties that the employer may have imposed."). Consequently, Jacobs's previous job may have merely been a cashier position with excess stocking responsibilities rather than a composite job as defined by Social Security regulations.

"Picking out the line in an individual case is of course a task for the agency." *Smith*, 388 F.3d at 253. The question then is if the ALJ improperly found that the position described to him was a cashier job, rather than a composite job requiring significant cashier and stocking duties. Here, the record strongly implies that the ALJ found Jacobs's past relevant work to be a cashier job, with excess stocking responsibilities, rather than a composite job. Nevertheless, there is not a finding in the ALJ's opinion one way or another, likely because the issue was not contested at the hearing. On remand, then, the ALJ is

directed to make an explicit finding as to the nature of Jacobs's past relevant work if it should again be a necessary step in the ALJ's analysis.

ORDER

IT IS ORDERED that the decision of defendant Nancy A. Berryhill, Acting Commissioner of Social Security, denying plaintiff Roy Jacobs's application for Supplemental Security Income is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered this 30th day of March, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge